IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS MEDRANO, DANIEL MEDRANO, JONNY LOPEZ, CARLOS RAMIREZ, JOSE GUADALUP PEREZ, JUAN CARLOS MEDRANO, MARCELO HERNANDEZ and JORGE LARA, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALANIZ GROUP, INC.; MIGUEL ALFARO-ALANIZ; and ROGELIO ALANIZ,<br><br>Defendants. | Case No. 11-C-1915<br><br>Hon. Judge John F. Grady<br>Magistrate Judge Jeffrey T. Gilbert |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANTS ALANIZ GROUP, INC.
<u>AND ROGELIO ALANIZ</u>**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure and at the direction of the Court, Plaintiffs withdraw the Motion For Entry of Default Against Defendant Alaniz Group, Inc. filed on July 25, 2011 (Doc. 26) and now hereby move for entry of a default judgment against Defendants Alaniz Group, Inc. and Rogelio Alaniz for failure to defend. In support of their Motion, Plaintiffs state:

1.      This is a wage and hour collective action pursuant to §216(b) of the Fair Labor Standards Act seeking the recovery of unpaid wages, unlawful deductions and other relief arising from Defendants' unlawful wage payment practices.  Defendant Alaniz Group, Inc. is a landscaping, landscaping construction and snow removal company.  Defendants Rogelio Alaniz and Miguel Alfaro Alaniz (or "Miguel Alanis Alfaro") are the owners and operators of Alaniz Group, Inc. Defendants employed Plaintiffs as landscape, landscape construction and snow

removal laborers and subjected them to unlawful pay practices including: (1) paying fixed daily wages in violation of the workers' rights to minimum, overtime and prevailing wages; and (2) taking unlawful deductions from the workers' pay. Plaintiffs' claims arise under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.;* the Illinois Minimum Wage Law, 820 ILCS 150/1 *et seq.;* the Illinois Prevailing Wage Act, 820 ILCS 130/1 *et. seq.*; and the Illinois Wage Payment and Collection Act, 820 115/1 *et seq.*

2. Plaintiffs filed this action on March 18, 2011. (Doc. 1).

3. On April 7, 2011, the Defendants were served and were given until April 28, 2011 to file their Answer. (Docs. 14–16.)

4. Defendants failed to answer by April 28, 2011 and were thus in default.

5. On May 3, 2011, Attorney Burr Anderson filed his appearance on behalf of all Defendants but filed no responsive pleading. (Doc. 18.)

6. On May 11, 2011, the Court granted Plaintiffs' Motion to Proceed as a Collective Action and tolled the statute of limitations on Plaintiffs' claims through the expiration of the 120-day opt-in period. *Id.*[2]

7. On May 12, 2011, the Defendants filed their Answer. (Doc. 20.)

8. On June 14, 2011, Attorney Anderson filed a Motion to Withdraw as counsel for the Defendants. (Doc. 22.)

9. On June 29, 2011, the Court granted Attorney Anderson leave to withdraw as counsel for the Defendants. Additionally, the Court ordered the Defendants, by July 20, 2011, to notify counsel for the Plaintiffs and file with the Court the appearance of substitute counsel or a notice of the address at which the individual Defendants could be served. (Doc. 25.)

---

[2] On October 5, 2011, the Court extended the opt-in date for potential plaintiffs and tolled the statute of limitations on the counts under the FSLA until further order of the Court. (Doc. 38.)

10. In violation of the Court's June 29, 2011 Order, Defendants did not file the appearance of substitute counsel or notice of an address where they could be served by July 20, 2011. Instead, on July 22, 2011, the Court received a letter from Miguel Alaniz stating: "We are in the process of getting a new counsel. Please forward all correspondence to: Alaniz Group Inc. 1525 E. Chicago St. – Elgin, IL 60120 PH.847-815-6743. Thank you Honorable Judge John F Grady and have a great day."

11. Thus, on July 25, 2011, Plaintiffs filed a motion for entry of default against Defendant Alaniz Group, Inc. because it is a corporation, which cannot represent itself. *See Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1427 (7th Cir.1985), ("A corporation is an abstraction, and abstractions cannot appear pro se). (Doc. 26.)

12. On July 27, 2011, the Court held a hearing on the Plaintiffs' Motion for Default. Defendant Miguel Alfaro-Alaniz appeared and represented that he needed additional time to find an attorney. The Court granted the Defendants an additional two weeks to file the appearance of substitute counsel. Defendants were also ordered to file a pro se appearance by August 10, 2011 if they intended to represent themselves. The Court continued Plaintiffs' Motion for Entry of Default Against Alaniz Group, Inc. (Doc 31.)

13. On August 10, 2011, Attorneys Jason Kim, John Tarnow, and Casandra Rdzak of Neal, Gerber & Eisenberg, LLP ("NGE") filed their appearance on behalf of all Defendants. (Docs 32–34.)

14. On September 21, 2011, the Court held a status hearing and Attorney Jason Kim represented that the Defendants were not cooperating and that he and NGE intended to file a Motion to Withdraw as Attorneys for the Defendants. The Court set an October 5, 2011 hearing date on NGE's anticipated Motion to Withdraw and continued Plaintiffs' Motion for Default

indicating that it intended to consider a default against all Defendants for failure to defend. (Doc. 35.)

15. On September 27, 2011, NGE filed a Motion To Withdraw, (Doc. 36), which states:

> It is no longer possible for NGE to represent Defendants. As of the date of the filing of this Motion, Defendants have repeatedly failed to respond in any manner to NGE's numerous attempts to communicate with Defendants regarding the substance of this case and the status of litigation….

Doc. 36 ¶8; s*ee also* at ¶¶9–11, describing NGE's attempts to contact Defendants.

16. On October 5, 2011, the Court held a hearing on NGE's Motion To Withdraw as Counsel and Plaintiffs' continued Motion for Default. The Defendants failed to appear. Thus, the Court granted NGE's Motion To Withdraw and ordered the Defendants to 1) file the appearance of substitute counsel by October 26, 2011 or 2) as to the individual Defendants, notify the Court that they intended to represent themselves and provide addresses and phone numbers where they can be reached. Further, the Order expressly states: "Failure to comply by October 26, 2011 is likely to result in the entry of an order of default against all defendants and the setting of a date for a prove-up hearing on plaintiff's claims for damages." (Doc. 38).

17. Subsequently, Defendants proceeded to violate the Court's Order as follows:

    A. For the third time, Defendants disregarded a Court-imposed deadline. Contrary to the Court's October 5, 2011 Order, Defendants took no action by October 26, 2011.

    B. On October 28, individual Defendant Miguel Alaniz filed another letter to the Court stating, "We are in the process of getting a new counsel"--the verbatim statement made in his July 22, 2011 letter. Mr. Alaniz also filed a *pro se* appearance. Thus, Defendant Miguel Alaniz has indicated an intention to represent himself if he cannot find a third set of attorneys.

C. Contrary to the Court's October 5, 2011 Order, no counsel has filed a substitute appearance for Alaniz Group, Inc. Thus, Alaniz Group, Inc., "an abstraction" that cannot appear pro se, (*see Scandia Down Corp.*, 772 F.2d at 1427), has failed to defend and is in default.

D. Contrary to the Court's Order, individual Defendant Rogelio Alaniz has not filed any pro se appearance to indicate his own intent to represent himself. Thus, Defendant Rogelio Alaniz has failed to defend and is in default.

18. A district court is justified in entering default against a party if the defaulting party has exhibited a willful refusal to litigate the case properly. *Hal Community Cycles Mgmt. Co. v. Kirsch*, 825 F.2d 1136, 1138 (7th Cir. 1987).

19. For example, in *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003), the Seventh Circuit affirmed the entry of a default judgment against the defendant when he: (1) failed to file his appearance on time; (2) filed inadequate pleadings; (3) responded to discovery requests in an inappropriate and unprofessional manner; and (4) failed to attend the hearing where the judge entered a default against him when he was aware of the court date. The court found that the defendant's conduct displayed "a willful choice not to exercise even a minimum level of diligence" and demonstrated "a disregard for the most basic rules that ensure efficiency in litigation." And in affirming the default, the court held, "While any single one of [the defendant's] actions or omissions alone might not have warranted a default (although we do not foreclose that possibility), when we look at the entire scenario it is clear that [the defendant] exhibited a continuing and willful disregard for this litigation and for the procedures in federal court." *Id.* at 647.

20. The same is true here. Since the filing of this action, Defendants have exhibited a persistent and willful disregard for the most basic rules that ensure efficiency in litigation and this Court's Orders when they:

  A. Filed their Answer two weeks late, in violation of the rules and a Court-imposed deadline;

  B. Failed to file, by the July 20, 2011 Court-imposed deadline, the appearance of substitute counsel or a notice of the address at which the individual Defendants could be served;

  C. Failed to cooperate with two sets of lawyers causing them to withdraw;

  D. Failed to appear at the October 5, 2011 hearing on NGE's Motion To Withdraw and continued hearing on Plaintiffs' Motion for Default, despite being informed of the court date by their counsel; and

  E. Failed to file, by the October 26, 2011 deadline, the appearance of substitute counsel for the corporation or to notify the Court where they can be reached.

21. Moreover, Defendants' disregard of the Court's Orders and procedures is totally consistent with their behavior with their attorneys who were forced to withdraw. NGE's Motion for Leave to Withdraw describes how Defendants "repeatedly failed to respond in any manner to NGE's numerous attempts to communicate with Defendants regarding the substance of this case and the status of litigation, and failed to fulfill their agreements and obligations to NGE as to fees and costs." (Doc. 43 ¶8.) Thus, Defendants deliberately ignored their obligations with their attorneys just as they have deliberately ignored their obligations as parties to this case.

22. Moreover, Defendants' (mis)conduct has prejudiced Plaintiffs. From the time Plaintiffs filed this action seven months ago, Defendants have exhibited a continuing and willful

disregard for the procedures in federal court by failing to meet filing deadlines, failing to cooperate with the attorneys responsible for their defense and failing to appear at an important court date. These failures are not one single act; they are pattern of willful disregard of the rules that ensure efficiency in litigation. This conduct has made it impossible for Plaintiffs to effectively prosecute the case. Among other things, Plaintiffs have been unable to conduct a Rule 26 conference or serve discovery because neither set of defense attorneys could prepare for a planning conference without their clients' cooperation in a defense.

23. Thus, the Court should enter a default judgment against Defendant Alaniz Group, Inc. because no new counsel has appeared to defend it and a corporation cannot defend itself.

24. In addition, the Court should enter a default judgment against Defendant Rogelio Alaniz because, contrary to the Court's October 5, 2011 order, he failed to notify the Court of any intention to represent himself or file a pro se appearance and to provide an address and telephone number where he can be reached.

25. Finally, the Court should enter an Order stating that Defendant Miguel Alaniz will face sanctions including a default judgment if he violates further Orders of the Court or fails or to cooperate in discovery or to otherwise fulfill his obligations as a litigant.

WHEREFORE, Plaintiffs pray that a default judgment order be entered against Defendants Alaniz Group, Inc. and Rogelio Alaniz and that Plaintiffs' claims against these Defendants be set for a hearing on damages.

Dated: November 7, 2011                                             Respectfully submitted,

                                                                    /s/ Marni Willenson
                                                                    One of Plaintiffs' Attorneys

Marni Willenson
Willenson Law, LLC
542 S. Dearborn St., Suite 610

Chicago, IL 60605
312-546-4910 Phone
312-261-9977 Fax
marni@willensonlaw.com

Jose J. Alonso
Michael C. Keberlein-Gutiérrez
Illinois Migrant Legal Assistance Project
111 W. Jackson, Suite 300
Chicago, IL 60604
312-423-5908 Phone
312-612-1558 Fax
mkeberlein@lafchicago.org
jalonso@lafchicago.org

Attorneys for Plaintiffs Carlos Medrano,
Daniel Medrano, and Jonny Lopez

Chicago, IL 60605
312-546-4910 Phone
312-261-9977 Fax
marni@willensonlaw.com

Jose J. Alonso
Michael C. Keberlein-Gutiérrez
Illinois Migrant Legal Assistance Project
111 W. Jackson, Suite 300
Chicago, IL 60604
312-423-5908 Phone
312-612-1558 Fax
mkeberlein@lafchicago.org
jalonso@lafchicago.org

Attorneys for Plaintiffs Carlos Medrano,
Daniel Medrano, and Jonny Lopez

## CERTIFICATE OF SERVICE

       The undersigned attorney hereby certifies that she caused true and correct copies of the foregoing document to be served on Defendants Alaniz Landscaping, Inc., Miguel Alfaro-Alaniz, and Rogelio Alaniz by placing them in them in the U.S. mail first class postage prepaid to 1525 E. Chicago Street, Elgin, IL 60120, this 7th day of November, 2011.

                                                              /s/ Marni Willenson
                                                              Marni Willenson